# **EXHIBIT 1**



# Service of Process Transmittal
04/15/2019
CT Log Number 535296060

| | |
|---|---|
| **TO:** | DONNA LEDUC<br>United Technologies Corporation<br>10 FARM SPRINGS RD<br>FARMINGTON, CT 06032-2577 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | United Technologies Corporation  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | LARRY EAVES, PLTF. vs. UNITED TECHNOLOGIES CORP., DFT.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | CITATION, RETURN, PETITION |
| **COURT/AGENCY:** | 95th Judicial District Court Dallas County, TX<br>Case # DC1904879 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 04/15/2019 postmarked on 04/10/2019 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | Within expiration of 20 days after you were served this citation and petition |
| **ATTORNEY(S) / SENDER(S):** | Susan E. Hutchison<br>Hutchison & Stoy, PLLC<br>505 Pecan Street, Suite 101<br>Fort Worth, TX 76102<br>817-820-0100 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/15/2019, Expected Purge Date: 05/15/2019<br><br>Image SOP<br><br>Email Notification,  Cathy Bentley  cathy.bentley@utc.com<br><br>Email Notification,  DONNA LEDUC  donna.leduc@utc.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>214-932-3601 |

Page 1 of  1 / MN

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**CERTIFIED MAIL**

10 APR '19

FELICIA PITRE
DISTRICT CLERK
GEORGE L ALLEN SR COURT BLDG
600 COMMERCE ST STE 103
DALLAS, TX 75202-6604

9214 8901 0661 5400 0136 9533 13

RETURN RECEIPT (ELECTRONIC)




U.S. POSTAGE >> PITNEY BOWES

ZIP 75202 $ 005.75
02 4W
0000352611 APR 10 2019

DPRO-DC1904979 -CR

UNITED TECHNOLOGIES
REG AGENT CT CORPORTATION
1999 BRYAN ST SUITE 900
DALLAS, TX 75201-3136

75201-314025

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:
    UNITED TECHNOLOGIES CORP.
    REG AGENT CT CORPORATION
    1999 BRYAN ST STE 900
    DALLAS TX  75201-3136

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **LARRY EAVES**

Filed in said Court **4th day of April, 2019** against

**UNITED TECHNOLOGIES CORP.**

For Suit, said suit being numbered **DC-19-04879**, the nature of which demand is as follows:
Suit on **EMPLOYMENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 9th day of April, 2019.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
    COURTNEY RUTLEDGE



---

**CERT-MAIL**

CITATION

DC-19-04879

**LARRY EAVES**
vs.
**UNITED TECHNOLOGIES CORP.**

ISSUED THIS
**9th day of April, 2019**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: COURTNEY RUTLEDGE, Deputy

**Attorney for Plaintiff**
SUSAN E HUTCHISON
HUTCHISON & STOY PLLC
505 PECAN ST SUITE 101
FORT WORTH TX  76102
817-820-0100
sehservice@hsjustice.com

# OFFICER'S RETURN

Case No.: DC-19-04879

Court No. 95th District Court

Style: LARRY EAVES

vs.

UNITED TECHNOLOGIES CORP.

Came to hand on the _____ day of _____, 20____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of _____,

20_____, by delivering to the within named

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows: To certify which witness my hand.

|  |  |  |  |
|---|---|---|---|
| For serving Citation | $_____ | _____ | |
| For mileage | $_____ | of_____County, _____ | |
| For Notary | $_____ | By_____Deputy | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____, 20_____,

to certify which witness my hand and seal of office.

Notary Public_____County _____

FILED
DALLAS COUNTY
4/4/2019 1:42 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:19-cv-01153-B   Document 1-2   Filed 05/14/19   Page 6 of 14   PageID 12

1 CIT CERT MAIL

Sacheen Anthony

DC-19-04879

CAUSE NO. _____

| | | |
|---|---|---|
| **LARRY EAVES** | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| | § | |
| **UNITED TECHNOLOGIES CORP.** | § | 95TH-D |
| *Defendant.* | § | ____ JUDICIAL DISTRICT |

### PLAINTIFF LARRY EAVES' ORIGINAL PETITION, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff and files this Original Petition and Request for Disclosure against Defendant, and in support of which would respectfully show the following:

### I.
### PARTIES

1. Plaintiff Larry Eaves is an individual resident of Tarrant County, Texas. The last 3 digits of his driver's license number are 288 and the last 3 digits of his social security number are 989.

2. Defendant is a foreign company doing business in the State of Texas and may be served with process through its registered agent CT Corporation, 1999 Bryant St., Ste. 900, Dallas, TX 75201-3136.

### II.
### JURISDICTION AND VENUE

3. This Court has jurisdiction over the controversy herein because the damages are within the jurisdictional limits of this Court and this Court has jurisdiction over claims under the Texas Labor Code.

4. Venue is proper in Dallas County, Texas, pursuant to Texas Civil Practice & Remedies Code § 15.002(a)(1), as Dallas County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

### III.
### DISCOVERY CONTROL PLAN

5. The parties will conduct discovery in this action under the Discovery Control Plan Level III, as set forth in Texas Rule of Civil Procedure 190.

### IV.
### STATEMENT OF THE CASE

6. Plaintiff sues Defendant for unlawful employment practices under provisions of the Texas Labor Code, and brings this action for monetary damages over $200,000 but not exceeding $1,000,000.

### V.
### FACTUAL BACKGROUND

7. Plaintiff was employed by Defendant as a mechanic, working on HVAC.

8. On March 26, 2018, Plaintiff needed some tools that he had at home to work on a particular part. As his trip to home encompassed also his lunch time, Plaintiff stopped at a Kroger to obtain some grocery items.

9. Subsequently, on approximately April 3, 2018, Plaintiff was informed by Defendant that a Kroger employee was pressing criminal charges against him for allegedly touching her. Apparently, the Arlington police had contacted Plaintiff's employer about the allegations.

10. Despite the fact that the allegations of the Kroger employee were completely fabricated and totally unsubstantiated, Plaintiff was fired by his employer as a result of the allegations.

11. The Defendant assumed that Plaintiff had engaged in the alleged conduct based solely upon his gender and/or age. Plaintiff was replaced by someone substantially younger.

12. The Defendant discriminated against Plaintiff based upon his gender/age.

## CAUSES OF ACTION

13. Plaintiff re-alleges and incorporates the allegations contained in the Paragraphs above as if restated herein, including all subsections of this "Causes of Action" section.

### DEFENDANT - DISCRIMINATION AND RETALIATION

14. Plaintiff asserts causes of action against Defendant for discrimination in violation of Texas Labor Code 21.051, *et seq.*, including, but not limited to, those provisions relating to discrimination.

15. On approximately July 17, 2018, Plaintiff filed a Charge of Discrimination with the Texas Workforce Commission ("TWC") for gender/age discrimination against Defendant. Plaintiff timely filed his Charge consistent with the Texas Labor Code. He received his Notice of Complainant's Right to File Civil Action from the TWC on February 19, 2019, and he has brought this suit within sixty (60) days of receipt of the same and within two years from the date of the filing of the Charge.

16. Defendant committed unlawful employment practices in violation of Texas Labor Code § 21.052, *et seq.*

17. Plaintiff sustained lost wages and employment benefits by reason of Defendant's commission of such unlawful employment practices. Accordingly, Plaintiff is entitled to an award of back pay with prejudgment interest in accordance with Texas Labor Code § 21.258(b).

18. Plaintiff will sustain future lost wages and employment benefits by reason of Defendant's commission of unlawful employment practices. Reinstatement to his former employment is not feasible. Accordingly, Plaintiff is entitled to an award of front pay with prejudgment interest thereon in accordance with Texas Labor Code § 21.258(b).

19.     Plaintiff is further entitled to recover compensatory damages in the past and future for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, with prejudgment interest, under Texas Labor Code § 21.2585(d).

20.     Furthermore, because Defendant engaged in unlawful employment practices with malice and/or reckless indifference to his state-protected rights, Plaintiff is entitled to an award of exemplary damages in an amount in excess of the jurisdictional limits of this Court.

21.     Pursuant to Texas Labor Code § 21.259, Plaintiff seeks reasonable attorneys' fees and costs, including reasonable expert fees as well as pre-judgment and post judgment interest as allowed by law.

## VII.
## JURY DEMAND

22.     Plaintiff hereby demands a jury trial in accordance with state law. The jury fee has been tendered.

## VIII.
## REQUEST FOR DISCLOSURE

23.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within fifty (50) days of the service of this request, the information or material described in Rule 194.2.

## IX.
## PRAYER

Wherefore, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial Plaintiff have judgment for the following relief:

a. Back pay and front pay;

b. Compensatory damages;

c. Exemplary damages;

    d. Pre-judgment and post-judgment interest at the rates provided by law;

    e. Relevant attorney and expert fees and all court costs; and

    f. Such other and further relief to which Plaintiff may be justly entitled.

                      Respectfully submitted.

                      /s/Susan E. Hutchison
                      Susan E. Hutchison
                      Texas Bar No. 10354100
                      sehservice@hsjustice.com

                      J. Robert Hudson, Jr.
                      Texas Bar No. 24094736
                      jr@hsjustice.com

                      HUTCHISON & STOY, PLLC
                      505 Pecan Street, Suite 101
                      Fort Worth, Texas 76102
                      T: (817) 820-0100
                      F: (817) 820-0111

                      **ATTORNEYS FOR PLAINTIFF**

FILED
DALLAS COUNTY
5/6/2019 8:44 AM
FELICIA PITRE
DISTRICT CLERK

Martin Reyes

CAUSE NO.: DC-19-04879

| | | |
|---|---|---|
| LARRY EAVES, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | DALLAS COUNTY, TEXAS |
| | § | |
| UNITED TECHNOLOGIES CORP., | § | |
| | § | |
| Defendant. | § | |
| | § | 95TH-D  JUDICIAL  DISTRICT |

### DEFENDANT CARRIER CORPORATION'S ANSWER AND DEFENSES

Defendant CARRIER CORPORATION, incorrectly identified by Plaintiff as United Technologies Corp. ("Defendant"), files this Answer and Defenses to Plaintiff LARRY EAVES' ("Plaintiff") Original Petition.

### GENERAL DENIAL

Subject to such stipulations as may hereafter be made, Defendant asserts a general denial to Plaintiff's Original Petition as is authorized under Rule 92 of Texas Rules of Civil Procedure, and respectfully requests that Plaintiff be required to prove his charges and allegations against Defendant by a preponderance of the evidence, or where applicable, by clear and convincing evidence, as is required by the constitution and the laws of the State of Texas.

### DEFENSES

1.    Plaintiff is not entitled to some or all of the relief sought in his Petition to the extent that Plaintiff failed to exhaust his administrative remedies.

2.    Plaintiff is not entitled to some or all of the relief sought in his Petition to the extent that his claims are barred by the applicable statute of limitations.

3.    Plaintiff is not entitled to some or all of the relief sought in his Petition to the extent that his claims are barred by waiver, laches, and/or estoppel.

1

4. Plaintiff's alleged damages, if any, are the result in whole or in part of preexisting conditions and/or independent causes and are not the result of any act or omission on the part of Defendant.

5. Defendant denies that any of its actions were motivated by Plaintiff's age or gender. Pleading in the alternative, Defendant asserts it would have taken the same actions when it did for wholly legitimate, non-discriminatory and non-retaliatory reasons.

6. Pleading in the alternative, Defendant cannot be held liable for any alleged discrimination purportedly experienced by Plaintiff because it exercised reasonable care to prevent and/or correct promptly any such behavior, and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities offered by Defendant or to otherwise avoid harm.

7. To the extent that Plaintiff complained of any unlawful conduct, Defendant took prompt and remedial action to investigate and address his complaint(s) and took appropriate corrective action.

8. To the extent Plaintiff alleges that any of Defendant's employees acted in an unlawful manner, such conduct, if it occurred, was outside of the course and scope of that individual's employment, was not authorized or condoned by Defendant, and was undertaken without the knowledge or consent of Defendant. Thus, Defendant is not liable for any such conduct, if it occurred.

9. Plaintiff is not entitled to some or all of the relief sought in his Petition to the extent that he has failed to mitigate his alleged damages.

10. Any relief to which Plaintiff may be entitled is barred or otherwise affected by the after-acquired evidence doctrine.

11. Defendant invokes any and all applicable damages caps and limitations, including but not limited to the caps and limitations on damages set forth in the Texas Labor Code § 21.2585, and the Texas and Federal constitutions.

12. Plaintiff's alleged damages, if any, are subject to the doctrine of offset.

13. Defendant's actions were done in good faith, without malice, and without intent to violate the law or cause Plaintiff harm. As such, the relief sought by Plaintiff in the form of exemplary or punitive damages is not available.

14. Plaintiff cannot recover punitive and/or exemplary damages since Defendant cannot be vicariously liable for allegedly discriminatory employment decisions of managerial agents because those decisions, if any, were contrary to Defendant's good faith efforts to comply with applicable federal, state, and local laws and regulations.

15. Defendant reserves the right to assert additional defenses as they become known.

## **PRAYER**

Defendant prays that it be discharged and dismissed, that Plaintiff take nothing, that it be awarded its court costs, and that it be granted such other and further relief to which it might show itself justly entitled.

DATED:  May 6, 2019 		Respectfully submitted,

           SEYFARTH SHAW LLP

         By: /s/ Esteban Shardonofsky
           Esteban Shardonofsky
           Texas Bar No. 24051323
           sshardonofsky@seyfarth.com
           Allyson Johnson
           Texas Bar No. 24054005
           ajohnson@seyfarth.com
           SEYFARTH SHAW LLP
           700 Milam, Suite 1400
           Houston, TX  77002
           Telephone:  (713) 225-1001
           Facsimile:  (713) 225-2340

           **ATTORNEYS FOR DEFENDANT**
           **CARRIER CORPORATION**

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record, as listed below, via electronic court filing at MyFileRunner and certified mail return receipt requested, on this the 6th day of May 2019.

  Susan E. Hutchison
  J. Robert Hudson, Jr.
  Hutchison & Stoy, PLLC
  505 Pecan Street, Suite 101
  Fort Worth, Texas  76102

           /s/ Esteban Shardonofsky
           Esteban Shardonofsky