UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY EAVES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-1153-B |
| | § | |
| UNITED TECHNOLOGIES CORP., | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Larry Eaves's Motion to Extend Discovery Deadline (Doc. 24). Plaintiff's motion is **GRANTED in part** and **DENIED in part**. Plaintiff's motion is **GRANTED** with respect to the deposition of Detective Green, but **DENIED** with respect to the deposition of Amy Bell.

Defendant does not object to extending the deadline so that Plaintiff may take the deposition of Detective Green. *See* Doc. 26, Def.'s Obj., 2. Thus, the motion is granted with respect to Detective Green's deposition. However, Defendant objects to extending the deadline so that Plaintiff may take the deposition of Amy Bell. *See id.*

The deadline for fact discovery in this case was April 30, 2020. *See* Doc. 11, Scheduling Order. Plaintiff brought this motion two days before this deadline, on April 28, 2020. *See* Doc. 24, Pl.'s Mot. A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enter., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (citation omitted).

Plaintiff has not met this burden with respect to the requested deposition of Amy Bell. Plaintiff argues that "the discovery in this case has been ongoing and the scheduling of it hampered by a number of things, including but not limited to the COVID virus." Doc. 24, Pl.'s Mot., 3. And even when making this argument, Plaintiff acknowledges that he "had not specifically requested Ms. Bell's deposition until recently." *Id.* While Plaintiff argues that the deposition of Detective Green was scheduled prior to, and had to be extended due to, COVID-19, see *id.* at 2, Plaintiff makes no such argument as to Ms. Bell—or how COVID-19 prevented Plaintiff from requesting the deposition of Ms. Bell until two days before the discovery deadline.

Simply put, Plaintiff was not diligent in seeking Ms. Bell's deposition testimony. *See S&W Enter.*, 315 F.3d at 535 (citation omitted). Plaintiff knew about Ms. Bell, and her potential importance to his case, on July 26, 2019, when Defendant listed her on its disclosures. *See* Doc. 24, Pl.'s Mot., 3. Regardless of whether Defendant disclosed the wrong contact information for Ms. Bell, as Plaintiff contends, see *id.*, Plaintiff has not explained how this incorrect information preventted Plaintiff from knowing much earlier than two days before the discovery deadline that he wanted to depose Ms. Bell.

Plaintiff's reply does not alter the Court's conclusion. In his reply, Plaintiff argues new theories that he did not raise in his initial motion—such as that Defendant violated Federal Rules of Civil Procedure 26 and 37 because "Defendant has either destroyed, lost or hidden the very positive performance evaluation that Ms. Bell completed for [Plaintiff] just prior to his termination." *See* Doc. 39, Pl.'s Reply, 2–3. The Court will not consider these new arguments and allegations. *See Clark v. Saxon Mortg. Co.*, 544 F. App'x 436, 436 (5th Cir. 2013)(per curiam) (citations omitted) ("To the extent that [the plaintiff] raises new theories for relief for the first time in his reply brief,

we decline to address the allegations.").

Therefore, Plaintiff's motion is **GRANTED** with respect to Detective Green but **DENIED** with respect to Amy Bell.

**SO ORDERED**.

**SIGNED: May 18, 2020.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE