IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS WORTH DIVISION

| | |
|---|---|
| **LARRY EAVES,** § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Case No. 3:19-cv-1153-B |
| § | |
| **UNITED TECHNOLOGIES CORP.,** § | |
| § | |
| *Defendant.* § | |

### PLAINTIFF'S FIRST AMENDED MOTION IN LIMINE

Before the *voir dire* examination of the jury panel, Plaintiff, Larry Eaves, makes this Motion in Limine. Plaintiff seeks to exclude matters that are inadmissible, irrelevant, or prejudicial to the material issues in this case. If Defendant United Technologies Corp. injects these matters in this case through a party, an attorney, or a witness, Defendant will cause irreparable harm to Plaintiff's case, which no jury instruction would cure. If any of these matters are directly or indirectly brought to the attention of the jury, Plaintiff will be compelled to move for a mistrial. In an effort to avoid prejudice and a possible mistrial, Plaintiff makes this Motion in Limine.

Defendant is in agreement with numbers 4 and 5. However, Plaintiff has not deleted those so that the Court will be apprised of what information, including agreed, is limined out pending approaching the bench for a ruling.

### A.
### GROUNDS

Plaintiff asks the Court to prohibit Defendant from offering any of the following matters without first asking for a ruling from the Court, outside the jury's presence, on the admissibility

of the matter.

1.  Any statement, comment or evidence alleging a failure by Mr. Eaves to mitigate his economic damages, including any implication or statement that he should have been seeking "handyman" work as questioned about in his deposition.

The employer has the burden of proving a failure to mitigate, and must do so by demonstrating that substantially equivalent work was available and that the plaintiff did not exercise reasonable diligence to obtain it. *See Sellers v. Delgado College,* 902 F.2d 1189, 1193 (5th Cir.1990); *see also Huffman v. City of Conroe, Tex.,* No. H–07–1964, 2009 WL 361413, *14 (S.D.Tex. Feb. 11, 2009). "Substantially equivalent employment" is that "employment which affords virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the position from which the...claimant has been discriminatorily terminated." *Sellers,* 902 F.2d at 1193. The point of comparison "must be the employment position with respect to which discrimination occurred." *Boehms v. Crowell,* 139 F.3d 452, 461 (5th Cir.1998). The reasonableness of a claimant's diligence "should be evaluated in light of the individual characteristics of the claimant and the job market." *Sellers,* 902 F.2d at 1193. *Buckingham v. Booz Allen Hamilton, Inc.*, 64 F. Supp. 3d 981, 984 (S.D. Tex. 2014). See also *Jones v. FJC Sec. Servs., Inc.,* 40 F. Supp. 3d 840, 853 (S.D. Tex. 2014), aff'd, 612 F. App'x 201 (5th Cir. 2015) (the employer must show that (1) substantially equivalent work was available **and** (2) the employer failed to exercise reasonable diligence to obtain it) (emphasis added).

There are two divergent lines of cases in the Fifth Circuit addressing whether the employer must show both a failure to use reasonable diligence to find work and substantially equivalent available work. In *Buckingham, supra*, the court acknowledged that "recent Fifth Circuit decisions state that, if an employer proves that an employee has not made reasonable

efforts to seek out employment, it need not show the availability of substantially equivalent employment. *See Sellers,* 902 F.2d at 1193 (5th Cir.1990); *Jackson v. Host Intern., Inc.,* 426 Fed.Appx. 215, 222 (5th Cir.2011). These decisions diverge from a prior Fifth Circuit ruling which required employers to prove both elements of the failure to mitigate defense. *See Sparks v. Griffin,* 460 F.2d 433, 443 (5th Cir.1972). However, a subsequent Fifth Circuit panel cannot overrule a prior Fifth Circuit holding without an *en banc* decision. *United States v. Dial,* 542 F.3d 1059, 1060 (5th Cir.2008) ('our rule of orderliness directs that 'one panel of this court cannot overrule the decision of another panel'). Thus, this Court must follow the earlier ruling in *Sparks,* and require Carrier to demonstrate both the availability of substantially equivalent work and the lack of diligence to obtain it." 64 F.Supp. 3d at 984-85.

The Fifth Circuit Pattern Jury Instructions state that "the Committee conclude that this language [the post Sparks language] should not remain in a pattern instruction but that courts and counsel should be aware of the split." 5th Cir. Pattern Jury Instructions, 11.14, n. 5. Thus, the 5th Circuit Pattern Jury Instructions include a requirement that the Defendant have evidence of <u>both</u> the availability of substantially equivalent work and the lack of diligence to obtain it.

"'Substantially equivalent employment' in this context means a job that has virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the job he lost. Plaintiff does not have to accept a job that is dissimilar to the one he lost, one that would be a demotion, or one that would be demeaning. (citing *Ford Motor Co. v. EEOC*, 458 U.S. 219 (1982)). The reasonableness of Plaintiff's diligence should be evaluated in light of his individual characteristics and the job market." 5th Cir. Pattern Jury Instruction 11.14, citing *Sellers v. Dellgado Coll.*, 902 F.2d 1189, 1193 (5th Cir. 1990).

The Defendant has no evidence of substantially equivalent employment that was available to Mr. Eaves following his termination. Thus, Defendant should not be permitted to make such accusations to the jury.

GRANTED: _____

DENIED: _____

GRANTED AS MODIFIED: _____

2. Any evidence, statement, or argument regarding other unassociated medical conditions of Mr. Eaves including medications (other than anxiety medications) without expert medical opinion linking any condition or treatment to the damages claimed in this case. Any such reference would not be relevant to any issue in this case and offered solely to prejudice the jury. Fed. R. Evid. 401, 403. Defendant's exhibit 27 includes 542 pages of unredacted medical records. They include everything from testosterone replacement therapy, elevated cholesterol, hypertension, asthma, and hypothyroidism, among others. Defendant has no medical expert making any of these conditions relevant to this case.

Evidence which is not relevant is not admissible. FED. R. EVID. 402. "Implicit in the above definition are two distinct requirements: (1) the evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action." *Nale v. Finley*, No. 3:19-CV-00473, 2020 WL 7213000, at *2 (W.D. La. Dec. 7, 2020). Defendant cannot establish the relevance of any physical condition of Mr. Eaves other than that related to his knee surgery at the time of the incident underlying this lawsuit. Any attempt to extrapolate from or link any physical conditions to Mr. Eaves' emotional distress would be speculation when unsupported by medical testimony.

Since no expert will be testifying about these records at trial, and there is no lay witness that can provide such testimony, such offering violates Fed. R. Evid. 701 and the jury would be left with only speculation as to relevance.

Furthermore, pursuant to Rule 403 of the Federal Rules of Evidence, the Court may exclude evidence that satisfies the requirements for relevancy "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED R. EVID. 403. " 'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." FED R. EVID. 403, 1972 Advisory Committee Note.

GRANTED: _____

DENIED: _____

GRANTED AS MODIFIED: _____

3. Any statement, comment or question of hearsay from Detective Green or any other officer or representative of Defendant for the reason that any mention of such evidence would be harmful and prejudicial to the Plaintiff and is excluded under the Federal Rules of Evidence, including but not limited to interviews of persons not testifying and/or emails (such as Carrier "committee" emails).

The Federal Rules of Evidence govern relevance, as well as the admissibility of hearsay evidence, of evidence that may unfairly prejudice plaintiff. See Fed. R. Evid. 801-03, 901.

GRANTED: _____

DENIED: _____

GRANTED AS MODIFIED: _____

4. Any evidence, statement, or argument regarding Mr. Eaves bankruptcy of 1993. Any such reference would not be relevant to any issue in this case and offered solely to prejudice the jury. Fed. R. Evid. 401, 403.

Evidence which is not relevant is not admissible. FED. R. EVID. 402. "Implicit in the above definition are two distinct requirements: (1) the evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action." *Nale v. Finley*, No. 3:19-CV-00473, 2020 WL 7213000, at *2 (W.D. La. Dec. 7, 2020).

  GRANTED: _____

  DENIED: _____

  GRANTED AS MODIFIED: _____

5. Any evidence, statement, or argument regarding Mr. Eaves' criminal record of Public Intoxication and ticket he received for failure to maintain control. Any such reference would not be relevant to any issue in this case and offered solely to prejudice the jury. Fed. R. Evid. 404(b)(1) "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

  GRANTED: _____

  DENIED: _____

  GRANTED AS MODIFIED: _____

6. Any evidence, statement, or argument regarding Mr. Eaves' marriages and divorces, other than regarding: 1) the recent death of Mr. Eaves' ex-wife as related to his claim for mental anguish; and 2) that Mr. Eaves began taking an anti-depressant related to his divorce. Any such

reference would not be relevant to any issue in this case and offered solely to prejudice the jury. Fed. R. Evid. 401, 403.

      GRANTED: _____

      DENIED: _____

      GRANTED AS MODIFIED: _____

7.    Any evidence, statement, or argument regarding employment issues prior to the one in question that do not address allegations of sexual harassment/misconduct, including prior supervisors, productivity levels, and/or disciplinary write ups of Mr. Eaves, including but not limited to questions such as whether his previous supervisors were "good" or "fair" as was asked in pages 44—53 of his deposition. Any such reference would not be relevant to any issue in this case and offered solely to prejudice the jury. Carrier's human resources representative testified that the allegation by Ms. McCord was the sole reason for termination.  Thus, any other testimony regarding Mr. Eaves' work conduct unrelated to claims of sexual harassment would not be relevant.   Fed. R. Evid. 401, 403.

      GRANTED: _____

      DENIED: _____

      GRANTED AS MODIFIED: _____

8.    Any evidence, statement, or argument regarding whether Mr. Eaves grieved his write ups with the Union. Any such reference would not be relevant to any issue in this case and offered solely to prejudice the jury.  There is no legal requirement that Mr. Eaves file a grievance and any attempt to imply such an obligation would be misleading and prejudicial.  Plaintiff is not trying to exclude the fact that he spoke with his union representative about the Kroger situation, only that Defendant be prevented from mentioning or implying that Plaintiff had a duty or

obligation to go through any grievance or Union process before filing a Charge with the EEOC and/or a lawsuit. Fed. R. Evid. 403.

  GRANTED: _____

  DENIED: _____

  GRANTED AS MODIFIED: _____

9. Any evidence, statement, or argument regarding Mr. Eaves stating that he would talk to or hire an attorney (e.g., response email to Defendant's suspension "I will be talking to an attorney" [Carrier 112]; text to Amy Bell "I'll see you in court"). Any such reference would not be relevant to any issue in this case and offered solely to prejudice the jury. Fed. R. Evid. 403.

  GRANTED: _____

  DENIED: _____

  GRANTED AS MODIFIED: _____

10. Any evidence, statement, or argument regarding Mr. Eaves claim of age discrimination. The claim was dismissed by the Court on summary judgment and any reference to the claim would open the door to substantive rulings by the Court (including the denial of summary judgment on the gender claim) and cause substantial confusion to the jury. Any such reference would not be relevant to any issue in this case and offered solely to prejudice the jury. Fed. R. Evid. 403.

  GRANTED: _____

  DENIED: _____

  GRANTED AS MODIFIED: _____

## B.

### CONCLUSION

For these reasons, Plaintiff asks the Court to instruct Defendant and all attorneys not to mention, refer to, interrogate regarding, or attempt to convey to the jury in any manner, either directly or indirectly, any of these matters without first obtaining the permission of the Court, outside the presence and hearing of the jury, and to instruct Defendant and all attorneys to warn and caution each of their witnesses to follow the same instructions.

        Respectfully submitted.

        /s/Susan E. Hutchison
        SUSAN E. HUTCHISON
        Texas Bar No. 10354100
        hutch@fightsforright.com

        HUTCHISON & FOREMAN, PLLC
        505 Pecan Street, Suite 102
        Fort Worth, Texas 76102
        T: (817) 336-5522
        F: (817) 887.5471

        ATTORNEYS FOR PLAINTIFF

### CERTIFICATE OF CONFERENCE

I hereby certify that on March 15, 2021, I conferred by telephone with Stephanie Manning, counsel for Defendant, regarding the relief requested herein. The Parties were able to reach agreement on some but not all of the matters raised herein. Defendants do oppose nos. 1, 2, 3, 6, 7, 8 and 9. Defendants do not oppose nos. 4 & 5. However, Plaintiff left those numbers in so that the Court would be apprised of what information, including agreed, is limined out pending approaching the bench for a ruling.

        s/Susan E. Hutchison
        Susan E. Hutchison

CERTIFICATE OF SERVICE

      This is to certify that on May 10, 2021, a true and correct copy of the above and foregoing document was served on the following attorneys of record by delivery to each of them via efile system:

Linda C. Schoonmaker
Texas Bar No. 17806300
LSchoonmaker@seyfarth.com

Stephanie J. Manning
Texas Bar No. 24099422
smanning@seyfarth.com

Seyfarth Shaw LLP
700 Milam, Ste. 1400
Houston, TX  77002

                                  s/Susan E. Hutchison
                                  Susan E. Hutchison