UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| LARRY EAVES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-1153-B |
| | § | |
| CARRIER CORPORATION, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## JURY INSTRUCTIONS

MEMBERS OF THE JURY:

I.  GENERAL INSTRUCTIONS

### Introduction

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendants in arriving at your verdict.

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice. You have heard the evidence in this case. I will now instruct you on the law that you must apply.

### *Burden of Proof: Preponderance of the Evidence*

Plaintiff Larry Eaves has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

*Evidence*

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

*Witnesses*

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are required to evaluate the testimony of a law-enforcement officer as you would the testimony of any other witness. No special weight may be given to his testimony because he is a law enforcement officer.

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

### *Expert Witnesses*

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness,

it is up to you to decide whether to rely on it.

*Deposition Testimony*

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been read to you. This deposition testimony is entitled to the same consideration as if the witness had been present and had testified from the witness stand in court.

A typewritten transcript of an oral conversation, which can be heard on a recording received in evidence was shown to you. The transcript also purports to identify the speakers engaged in such conversation.

I have admitted the transcript for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the recording, and also to aid you in identifying the speakers.

You are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine, based on your evaluation of the testimony you have heard about the preparation of the transcript and on your own examination of the transcript in relation to your hearing of the recording itself as the primary

evidence of its own contents. If you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

## *Demonstrative Evidence*

Certain documents used during trial were illustrations. They were a party's or witness's description used to describe something involved in this trial. If your recollection of the evidence differs from the exhibit, rely on your recollection.

## *No Inference From Filing Suit*

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

## *Objections and Arguments by Counsel*

During the course of the trial, you have heard counsel make objections to evidence. It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. You should not draw any inference against an attorney or his client because the attorney has made objections.

Upon allowing testimony of other evidence to be introduced over the objection of any attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

When the Court has sustained an objection to a question addressed to a witness, or to the introduction of any other evidence, you must disregard the question entirely, and may draw no inference from the wording of it, or speculate as to what the witness would have said if the witness had been permitted to answer.

From time to time during the trial, it may have been necessary for me to talk with the attorneys out of your hearing, either by having a conference at the bench when you were present in the courtroom, or by calling a recess. The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

### *Use of Notes Taken by Jurors*

Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

## II. STIPULATED FACTS

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

The parties have agreed, or stipulated, to the following facts. This means that both sides agree that these are facts. You must therefore treat these facts as having been proved.

1. Carrier Corporation hired Larry Eaves in March 1998 at its hub in Fort Worth, Texas, which is a commercial HVAC location.
2. Larry Eaves primarily worked on installation and maintenance of HVAC controls in commercial buildings.
3. Following an alleged assault at a Kroger grocery store, the Arlington Police Department contacted Carrier Corporation seeking to identify the alleged perpetrator who was allegedly observed wearing Carrier Corporation-branded clothing and allegedly driving a Carrier work vehicle on the day in question.
4. Carrier Corporation terminated Larry Eaves's employment effective June 6, 2018.
5. For the year ended December 31, 2020, Carrier Corporation's net sales were $17.5 billion, and Carrier Corporation's operating profit was $3.1 billion.

## IV. PLAINTIFF'S CLAIM FOR UNLAWFUL EMPLOYMENT PRACTICES

Plaintiff Larry Eaves claims Defendant Carrier Corporation's act of terminating his employment was motivated by Plaintiff Larry Eaves's gender.

The employer, Defendant Carrier Corporation, denies Plaintiff Larry Eaves's claims, and contends that Plaintiff Larry Eaves was terminated from employment because Carrier Corporation reasonably believed after conducting an investigation that Larry Eaves engaged in inappropriate and unprofessional conduct and was dishonest in the course of Carrier Corporation's investigation, such dishonesty being an independent additional basis for termination.

It is unlawful for an employer to discriminate against an employee because of the employee's gender. An employer may, however, terminate an employee for other reasons, good or bad, fair or unfair.

To prove unlawful discrimination, Plaintiff Larry Eaves must prove by a preponderance of the evidence that:

1. Defendant Carrier Corporation terminated the employment of Plaintiff Larry Eaves; and

2. Defendant Carrier Corporation's termination of Plaintiff Larry Eaves's employment was motivated by his gender.

Plaintiff Larry Eaves does not have to prove that unlawful discrimination was the only reason Defendant Carrier Corporation terminated him.

*You may now proceed to Question Number 1.*

## QUESTION NO. 1:

Was gender a motivating factor in Defendant Carrier Corporation's decision to terminate the employment of Plaintiff Larry Eaves?

A "motivating factor" in an employment decision is a reason for making the decision at the time it was made. There may be more than one motivating factor for an employment decision.

If you do not believe the reason Carrier Corporation has given for terminating Larry Eaves's employment, you may, but are not required to, infer that Carrier Corporation was motivated by Larry Eaves's gender.

Answer "Yes" or "No"

Answer: __Yes__

*If you have answered "Yes" to Question No. 1, then answer Question No. 2. Otherwise, do not answer any further questions Please sign the Verdict Form and return your answers to the Court.*

## QUESTION NO. 2: DAMAGES

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Larry eaves for his damages, if any, that resulted from such conduct?

- Do not include interest on any amount of damages you may find.
- Do not include back pay or interest in calculating compensatory damages, if any.
- Answer in dollars and cents for damages, if any.

Consider only the following categories of damages:

1. Back pay.

"Back pay" is that amount of wages and employment benefits that Larry Eaves would have earned if he had not been subjected to Carrier Corporation's unlawful conduct less any wages, unemployment compensation benefits or workers' compensation benefits he received in the interim.

"Employment benefits" include sick-leave pay, vacation pay, profit-sharing benefits, stock options, pension fund benefits, housing or transportation subsidies, bonuses, monetary losses incurred as a result of the loss of health, life, dental, or similar insurance coverage.

Answer: $ 300,000.20

*Question No. 2 continues on the following page*

2. Compensatory damages in the past, which include emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

Answer: $ 300,000.20

3. Compensatory damages in the future, which include economic losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

Answer: $ 200,000.20

*Please proceed to answer Question No. 3.*

## QUESTION NO. 3:

Defendant Carrier Corporation claims that Plaintiff Larry Eaves failed to mitigate his damages. Plaintiff Larry Eaves has a duty under the law to mitigate his damages, that is, to exercise reasonable diligence under the circumstances to minimize his damages.

To succeed on this defense, Defendant Carrier Corporation must prove, by a preponderance of the evidence:

(a) that Plaintiff Larry Eaves failed to use reasonable diligence in seeking substantially equivalent employment; and

(b) the amount by which Plaintiff Larry Eaves's damages were increased by his failure to use such reasonable diligence.

"Substantially equivalent employment" in this context means a job that has virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the job he lost. Plaintiff does not have to accept a job that is dissimilar to the one he lost, one that would be a demotion, or one that would be demeaning. The reasonableness of Plaintiff Larry Eaves's diligence should be evaluated in light of his individual characteristics and the job market.

Do you find that Plaintiff Larry Eaves failed to reduce his damages through the exercise of reasonable diligence in seeking, obtaining, and maintaining substantially equivalent employment after the date of his separation from Carrier Corporation?

Answer "Yes" or "No"

Answer: __No__

*If you have answered "Yes" to Question No. 3, then answer Question No. 4. Otherwise, do not answer Question No. 4 and proceed directly to Question No. 5.*

## QUESTION NO. 4:

How much would Plaintiff have earned had he exercised reasonable diligence under the circumstances to minimize his damages?

Answer in dollars and cents, if any.

Answer: $ _____

*Please Proceed to Question No. 5.*

## QUESTION NO. 5:

Do you find by clear and convincing evidence that Carrier Corporation engaged in the discriminatory practice that you have found in answer to Question No. 1 with malice or with reckless indifference to the right of Larry Eaves to be free from such practices?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice" means a specific intent by Carrier Corporation to cause substantial injury or harm to Larry Eaves.

Answer "Yes" or "No"

Answer: __Yes__

*If you have answered "Yes" to Question No. 5, then answer Question No. 6. Otherwise, do not answer Question No. 6.*

**QUESTION NO. 6:**

What sum of money, if any, if paid now in cash, should be assessed against Carrier Corporation and awarded to Larry Eaves as exemplary damages, if any, for the conduct found in response to Question No. 1 or Question No. 5?

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are—

1. The nature of the wrong.
2. The character of the conduct involved.
3. The degree of culpability of Carrier Corporation.
4. The situation and sensibilities of the parties concerned.
5. The extent to which such conduct offends a public sense of justice and propriety.
6. The net worth of Carrier Corporation.

Answer in dollars and cents, if any.

Answer: $ 3,100,000.20

## VI. DUTY TO DELIBERATE

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you

must never disclose to anyone, not even to me, your numerical division on any question. If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial.

SIGNED May 19, 2021.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

## VERDICT OF THE JURY

We, the jury, have answered the foregoing questions in the manner indicated in this verdict form, and returned these answers into the Court as our verdict.

DATE 5/19/21  4:37pm

_____
JURY FOREPERSON